U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 29 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

c

| | |
|---|---|
| ELARGO HOLDINGS LLC,<br>Plaintiff | CIVIL ACTION NO. 1:16-CV-0480 |
| VERSUS | CHIEF JUDGE DRELL |
| DOE 209.33.29.66,<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion for Authority to Seek Discovery Prior to Rule 26(f) Conference (Doc. 4). Plaintiff alleges that the unnamed defendant (the "Doe Defendant") infringed upon the copyright held by ELargo Holdings, LLC ("ELargo"). The Doe Defendant is identified by an Internet Protocol ("IP") address. Plaintiff moves this Court for authorization to issue a subpoena to Doe Defendant's Internet Service Provider ("ISP") for the limited purpose of identifying Doe Defendant.

I.  Background

ELargo filed a complaint for copyright infringement (Doc. 1). Plaintiff is the copyright holder of the motion picture "Close Range" (Doc. 1). Plaintiff alleges that Doe Defendant unlawfully reproduced and distributed Plaintiff's copyrighted motion picture by means of "peer-to-peer" file transfer technology protocol called BitTorrent (Doc. 1).

ELargo uses an investigator to help identify individuals who allegedly infringe upon its copyrights (Doc. 4-1). The investigator obtained Doe Defendant's IP address, but a search of the IP address through the use of public databases did not reveal Doe

Defendant's name (Docs. 4-1, 4-5, 4-6). However, the investigator was able to identify the approximate location of Doe Defendant (Docs. 4-1, 4-4). The location is within the Western District of Louisiana.

Although the ISP tracks the IP address of its subscribers, the subscriber with the IP address identified by ELargo might not necessarily be Doe Defendant. Rather, Doe Defendant may be someone within the household of the subscriber, a visitor, or someone who otherwise has been able to access the subscriber's network. However, ELargo argues that the level of monitored activity is indicative of someone with "consistent and permissive access" and therefore Doe Defendant is likely to be either the primary subscriber or someone who resides in the household (Doc. 4-1).

II. Standard of Review

Federal Rule of Civil Procedure 26(d)(1) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." The Fifth Circuit has not explicitly adopted a standard to determine whether a party is entitled to expedited discovery. However, several district courts within the Fifth Circuit have used the "good cause" standard when addressing the issue. Wilson v. Samson Contour Energy E & P, LLC, No, 14-0109, 2014 WL 2949457, at *2 (W.D. La. June 30, 2014) (and cases cited therein).

"Courts utilizing the standard 'examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of all the

2

surrounding circumstances.'" Id. (quoting BKGTH Prods., LLC v. Does 1-20, No. 13-5310, 2013 WL 5507297, at *5 (E.D. La. Sept. 30, 2013). "[G]ood cause typically exists where 'the need for expedited discovery outweighs the prejudice to the responding party.'" BKGTH Prods., LLC, 2013 WL 5507297, at *5 (citations omitted). The party requesting expedited discovery has the burden of proving good cause exists. Id. The party's request should be narrowly tailored to the necessary information they seek. Id.

III. Analysis

Two cases from the Eastern District of Louisiana are particularly instructive in determining when good cause for expedited discovery exists. In BKGTH Prods., LLC, the court held that plaintiff had not shown good cause for expedited discovery. 2013 WL 5507297, at *9. The court found that there had been discrepancies in plaintiff's representations and that the plaintiff had not utilized public databases to attempt to identify defendants through their IP addresses (which would have identified several of the defendants' names). Id. at *6. Additionally, the databases would have shown that several of the IP addresses were registered to users outside of the district. Furthermore, one of the IP addresses was registered to the University of New Orleans and would have made identification of the particular person alleged to have infringed upon the copyright exceedingly difficult and would have imposed a significant burden on the University of New Orleans. Id. at *6 -7.

Further, in Clear Skies Nevada, LLC v. Doe 68.96.33.171, the Court found that Clear Skies had shown good cause for expedited discovery. No. 16-1511, 2016 U.S.

Dist. LEXIS 36187, at *10. Clear Skies utilized an investigator and public databases to identify and subpoena the information for a subscriber in the Eastern District. Id. at *10. Additionally, the user exhibited a high level of BitTorrent activity, which convinced the court that while it was possible that the infringer might have been someone other than the subscriber, that was not likely. Id. at *10-11. The court permitted further discovery since the plaintiff had identified the party with sufficient specificity. Id. at *11.

The Court finds this case most analogous to Clear Skies. Plaintiff seeks one subpoena to identify a single subscriber. Plaintiff utilized an investigator and public databases to search for the available public information on the identity of Doe Defendant. Plaintiff has alleged a high level of BitTorrent activity associated with the IP address, meaning it is likely that the infringer is the subscriber. Therefore, the Court finds that ELargo has identified the party with sufficient specificity, the breadth of the discovery requested by ELargo is narrow, and the burden on Suddenlink Communications to supply the information is minimal. Furthermore, if this Court were to deny ELargo's request, the harm to ELargo would be severe, as it would be unable to identify Doe Defendant and prosecute this case.

IV. Conclusion

ELargo Holdings, LLC has demonstrated good cause for permitting limited discovery on an expedited basis.

Accordingly, IT IS ORDERED that Plaintiff's Motion for Authority to Seek Discovery Prior to Rule 26(f) Conference (Doc. 4) is **GRANTED**. Plaintiff may issue

4

a subpoena to Doe Defendant's Internet Service Provider, Suddenlink Communications, for the limited purpose of identifying the unknown alleged infringer.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 28 day of April, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge