UNITED STATES DISTRICT COURT c
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ELARGO HOLDINGS LLC, Plaintiff | CIVIL ACTION NO. 1:16-CV-0480 |
| VERSUS | CHIEF JUDGE DRELL |
| DOE 209.33.29.66, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is Plaintiff's Motion to Take Deposition styled as Second Motion for Authorization to Seek Expedited Discovery. (Doc. 13).

This suit for copyright infringement alleges that the unnamed defendant (the "Doe Defendant") infringed upon the copyright held by ELargo Holdings, LLC ("ELargo"). Although the identity of the Doe Defendant is unknown to ELargo, ELargo identified the Internet Protocol ("IP") address used by the infringer and learned the identity of the subscriber through a subpoena. It is likely that the infringer is either the subscriber or someone residing at the subscriber's residence.

ELargo alleges that the subscriber has declined ELargo's requests for cooperation in identifying the infringer. ELargo moves this Court for authorization to depose the subscriber to obtain the additional information required to identify the actual infringer.

I. Background

ELargo is the copyright holder of the motion picture "Close Range." (Doc. 1). ELargo alleges that Doe Defendant unlawfully reproduced and distributed ELargo's

copyrighted motion picture by means of "peer-to-peer" file transfer technology protocol called BitTorrent. (Doc. 1).

ELargo was initially only able to obtain Doe Defendant's IP address but could not determine the subscriber's name through the use of public databases. Therefore, this Court authorized ELargo to issue a subpoena to the Internet Service Provider ("ISP") associated with the IP address in order to obtain the subscriber's name. (Doc. 8). The ISP identified the subscriber as Curtis Gray ("Gray"), and ELargo conducted further investigations to identify the actual infringer. (Doc. 13-2). ELargo determined that Gray's address is for a single family residence, and that Gray appears to be married with children who reside with him. (Id.). Due to the level of activity associated with the IP address, the infringer is likely someone with permissive and consistent access to the IP address. (Id.).

ELargo has subsequently attempted to contact Gray to obtain additional information to identify the actual infringer. After a series of letters were returned as undeliverable due to an incorrect address, ELargo sent letters to the new, confirmed address, explaining that the ISP had identified Gray as the subscriber associated with the IP address used to infringe ELargo's copyright. (Id.). In an August 3, 2016 letter, ELargo asked for Gray's voluntary cooperation in identifying the infringer and "strongly encourage[d]" Gray to consult with an attorney to review his rights in connection with the matter. ELargo received no response from Gray. (Id.). On August 18, 2016, ELargo sent a follow up letter again asking for Gray's voluntary cooperation and advising him they would seek a formal subpoena if necessary. (Id.). ELargo stated

that shortly thereafter, they received a telephone call from an attorney inquiring into the matter but noting that they did not officially represent anyone at the time. (Id.). On September 8, 2016, ELargo sent an additional follow-up letter to Gray stating that, as they have yet to receive a response from Gray, that if they did not hear from Gray or his counsel by September 21, 2016, they would seek further relief from this Court. (Id.). As Gray did not respond to ELargo's request, ELargo moves this Court to issue a subpoena and take the deposition of Curtis Gray regarding information he may have identifying the actual infringer.

## II. Standard of Review

Federal Rule of Civil Procedure 26(d)(1) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." The Fifth Circuit has not explicitly adopted a standard to determine whether a party is entitled to expedited discovery. However, several district courts within the Fifth Circuit have used the "good cause" standard when addressing the issue. Wilson v. Samson Contour Energy E & P, LLC, No, 14-0109, 2014 WL 2949457, at *2 (W.D. La. June 30, 2014) (and cases cited therein).

"Courts utilizing the standard 'examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" Id. (quoting BKGTH Prods., LLC v. Does 1-20, No. 13-5310, 2013 WL 5507297, at *5 (E.D. La. Sept. 30, 2013). "[G]ood cause typically exists

where 'the need for expedited discovery outweighs the prejudice to the responding party.'" BKGTH Prods., LLC, 2013 WL 5507297, at *5 (citations omitted). The party requesting expedited discovery has the burden of proving good cause exists. Id. The party's request should be narrowly tailored to the necessary information they seek. Id.

Federal Rule of Civil Procedure 45 authorizes the issuance of a subpoena to attend and testify at a deposition or produce designated documents, electronically stored information, or tangible things in its possession, custody, or control. "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

III. Analysis

ELargo seeks information relevant to the discovery of the identity of the individual responsible for infringing upon their copyright. This Court has previously found that ELargo demonstrated good cause for permitting limited discovery on an expedited basis when it allowed ELargo to subpoena the ISP for the subscriber information.

ELargo has alleged a high level of BitTorrent activity associated with the IP address. ELargo initially noted that the level of monitored activity is indicative of someone with "consistent and permissive access," and therefore the defendant is likely to be either the primary subscriber or someone who resides in the household. Upon receiving the subscriber information from the ISP in response to its earlier

subpoena request, ELargo did its due diligence and conducted further investigations to discover the specific identity of the infringer. In the process, ELargo discovered that the subscriber lived in a single family residence with his wife and children. Due to the additional people in the household, ELargo could not identify the correct defendant. ELargo has attempted to identify the infringer through the use of public databases, its own investigator, and its attempt to work with the subscriber to identify information regarding the infringer. ELargo has been unable to correctly identity the correct individual without this additional discovery.

As in the previous order, the Court finds that ELargo has satisfied all the elements required to engage in this limited discovery to identify the infringer. ELargo has conducted its own investigations utilizing publically available information in order to determine the identity of the infringer. ELargo's request is narrowly tailored to the necessary information they seek to identify the true defendant, and the harm to ELargo would be severe if the motion was denied. And the limited discovery should not impose undue burden or expense on the subscriber.

IV. Conclusion

ELargo Holdings, LLC has demonstrated good cause for permitting this further limited discovery. ELargo may serve a subpoena pursuant to FRCP 45 commanding the subscriber, Curtis Gray, to appear and attend a deposition to answer questions regarding whether the subscriber was responsible for downloading the copyrighted work alleged in the Complaint, and/or the identity of any actual infringer.

Accordingly, IT IS ORDERED that Plaintiff's Motion to Take Deposition styled as Second Motion for Authorization to Seek Expedited Discovery (Doc. 13) is **GRANTED**.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __17th__ day of November, 2016.

                                                         Joseph H.L. Perez-Montes
                                                         United States Magistrate Judge